FILED

Amir J. Goldstein, Esq. (SBN 255620)
Attorney for Plaintiff
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194
ajg@consumercounselgroup.com

2013 SEP 17  AM 11: 04

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAISY RUGUBE,

        Plaintiff,

v.

MANDARICH LAW GROUP, LLP,
CACH LLC and DOES 1 through 10,
inclusive,

        Defendant.

CASE NO. CV13-06835-PJW

COMPLAINT FOR DAMAGES

    Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendants MANDARICH LAW GROUP, LLP and CACH LLC, alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

1

Complaint for Damages

## PARTIES

2. Plaintiff is a natural person residing in San Jose, California.
3. Upon information and belief, Defendant Mandarich Law Group, LLP ("Defendant Mandarich") is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a (6), with its principal place of business in Los Angeles County, California.
4. Upon information and belief, Defendant, CACH, LLC, is a creditor, as defined pursuant to Cal. Civ. Code §1788.2(i), who is incorporated in the state of California and located in Los Angeles County, California.

## JURISDICTION

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 et seq., as the Defendants are located and conduct business, the nature of which subjects the corporations to jurisdiction, in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

6. Plaintiff realleges paragraphs 1 through 5 as if fully restated herein.
7. That a personal debt was allegedly incurred by the Plaintiff to one MBNA America, N.A.
8. That at a time unknown to Plaintiff herein, the aforementioned debt was purchased, transferred and/or assigned to Defendant CACH, LLC.
9. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to Defendant Mandarich for collection.
10. That on or about December 2012, Defendant Mandarich filed a lawsuit in the Santa Clara County Superior Court on behalf of Defendant CACH, LLC against Plaintiff (*CACH,LLC v Daisy Rugube*, case no. 1-12-CV-238667) in an attempt to collect the alleged debt.
11. That Plaintiff contacted Defendant Mandarich to discuss a repayment plan to avoid further legal action.

12. That in reliance on the representations made by Defendant Mandarich, Plaintiff agreed to begin making payments toward the alleged debt in order to avoid further legal action.

13. That Plaintiff and Defendants agreed upon a repayment plan wherein Plaintiff would authorize two initial payments of $250.00, followed by monthly payments of $140.00 to Defendant Mandarich via electronic check.

14. That on or about January 29, 2013, in accordance with the payment plan arranged by Defendant Mandarich, Plaintiff remitted a good faith payment of $250.00 in order to begin paying off the alleged debt and avoid further legal action.

15. That shortly thereafter, Defendant Mandarich mailed Plaintiff a letter dated February 6, 2013, whose subject line read: *"Re: Settlement of CACH, LLC, Acct #120017655973 assignee of Mbna America, N.A. Acct # 374633136046402"*

16. That said letter also contained the following language in bold, all caps print: **"…CACH, LLC WILL DEPOSIT SAID PAYMENT, AND APPLY FUNDS TOWARDS THE OUTSTANDING BALANCE OWED IN THE ABOVE-REFERENCED ACCOUNT."**

17. That on or about February 12, 2013, Plaintiff remitted another good faith payment of $250.00 to Defendant Mandarich in accordance with the payment plan.

18. That on or about March 13, 2013, Plaintiff sent Defendant Mandarich a voided check which would allow it to access her bank account for the monthly payments toward the alleged debt in accordance with the payment plan.

19. That Plaintiff sent Defendant Mandarich email correspondence on several occasions, which include, but are not limited to the following dates: on or about March 22, 2013, on or about March 25, 2013 and on or about March 26, 2013, as good faith attempts to confirm its receipt of the voided check and to ensure that it would be able to receive timely payments from her.

20. That on or about March 26, 2013, Defendant Mandarich responded to Plaintiff by email and informed her that it **"processed a check in conjunction with your arrangements with the agent…"**

21. That on or about March 27, 2013, Defendant Mandarich caused $199.72 to be electronically withdrawn from Plaintiff's bank account, which was approximately $50 more than the agreed upon amount that it was authorized to withdraw.

22. That on or about April 27, 2013, the agreed upon monthly payment of $140.00 was remitted to Defendant Mandarich in accordance with the repayment plan.

23. That on or about May 29, 2013, $90.00 was electronically withdrawn by Defendant Mandarich from Plaintiff's account toward her monthly payment.

24. That Defendant Mandarich mailed Plaintiff a letter dated June 12, 2013 which stated, **"We are pleased to have received a postdated check for application to this account."**

25. That according to said letter, the current balance due on Plaintiff's alleged debt was **$1,966.96.**

26. That on or about June 27, 2013, the agreed upon monthly payment of $140.00 was remitted to Defendant Mandarich in accordance with the repayment plan.

27. That as of June 2013, Plaintiff had paid approximately $1,069.72 to Defendants in a good faith attempt to repay the alleged debt and to avoid further legal action.

28. That shortly after Defendant Mandarich withdrew Plaintiff's monthly payment from her bank account in accordance with the agreed upon payment plan, Defendant Mandarich mailed Plaintiff a letter dated July 16, 2013 which deceptively stated, **"You were served with the lawsuit and failed to respond. At this time we are requesting that the court enter a default judgment against you. Although we can no longer guarantee that judgment will not be entered against you, there is still time to contact us to work out an arrangement for payment on the remaining balance."**

29. That attached to said letter was a copy of a **"Request for Entry of Default"** with regard to the matter of *CACH, LLC v Daisy Rugube*, case no. 1-12-CV-238667 which was filed by Defendants.

30. That according to the said "Request for Entry of Default," Defendant requested that a judgment be entered in the amount of **$3,808.75,** which was inclusive of the following:

$2,836.68 (demand of complaint); $57.72 (interest); $241.00 (costs) and $673.35 (attorney fees).

31. That the judgment amount requested by Defendants failed to account for the $1,069.72 already paid by Plaintiff toward the alleged debt.

32. That the statements in the July 16th correspondence and attached documents from Defendant Mandarich would mislead, confuse and intimidate the least sophisticated consumer.

33. That based on Defendant's prior representations to Plaintiff and the regular good faith payments she was making in accordance with the previously agreed upon repayment plan, Plaintiff was extremely confused, upset, deceived and misled by Defendant's communications.

34. That upon information and belief, default was entered against Plaintiff in the matter of *CACH,LLC v Daisy Rugube*, case no. 1-12-CV-238667 on or about August 1, 2013.

35. That Plaintiff was confused and grew increasingly stressed and anxious about the pending litigation brought on by Defendants.

36. That upon information and belief, Defendants did not have prima facie evidence to support their claims, yet persisted with a lawsuit in an effort to harass Plaintiff and compel payment of a disputed debt by means of abuse, harassment and coercion.

37. That upon information and belief, Defendants knew or should have known that they could not prevail on the lawsuit against Plaintiff, yet persisted with legal action anyway in a deceptive manner in order to confuse, intimidate and coerce Plaintiff into making payments on the alleged debt.

38. That Plaintiff felt pressured and scared, and did in fact make payments on the alleged debt as a result of Defendant's misrepresentations.

39. That Defendants did not adequately review Plaintiff's account file prior to filing the underlying collections lawsuit against her.

40. That upon information and belief, the CO-DEFENDANTS ACT TOGETHER in cahoots to systematically file meritless lawsuits and request defaults in an effort to compel

consumers into making payments on their alleged debts, knowing that they cannot and do not intend to try said cases on their "merits".

41. That upon information and belief, Defendants were attempting to collect on a bad debt disputed by Plaintiff.

42. That Defendants' conduct caused an unnecessary urgency in attempt to coerce the Plaintiff to pay the alleged debt.

43. That Defendants persisted with abusive and harassing conduct against Plaintiff in an effort to collect payment on disputed debt by means of duress and coercion.

44. That Defendants abused and harassed Plaintiff by causing a lawsuit and subsequent actions to be filed against Plaintiff in an attempt to collect on a bad debt.

45. That notwithstanding Plaintiff's regular good faith payments toward the alleged debt in accordance with the payment arrangement between Defendants and Plaintiff, Defendants unlawfully and deceptively pursued legal action against Plaintiff in an attempt to abuse, harass and coerce Plaintiff.

46. That notwithstanding Defendant's representations that Plaintiff's payments would be deposited and credited toward the balance owed on the alleged debt, Defendant failed to account for Plaintiff's payments and sought to collect the original amount demanded in the complaint, in addition to other costs, fees and interest.

47. That Defendants, in an attempt to collect on debts, unlawfully engage in a pattern of conduct in which they systematically file frivolous lawsuits against debtors in order to obtain default judgments.

48. That Defendants' conduct violates 15 U.S.C. 1692 et seq., including but not limited to the following subsections, in that the representations made by the Defendants are harassing, confusing, misleading, deceptive and unfair:

   a. Defendants violated 15 U.S.C. §1692d by abusing and harassing the Plaintiff;

   b. Defendants violated 15 U.S.C. §1692d by using false representations and deceptive means to collect the alleged debt and obtain information concerning Plaintiff;

c. Defendants violated 15 U.S.C. § 1692e by using deceptive means in an attempt to collect a debt, for allowing attorneys' signatures to appear on documentation without reviewing Plaintiff's file and by threatening to take actions that cannot legally be taken or not intended to be taken.

d. Defendant has violated 1692e(2) by falsely representing the character, amount, or legal status of the alleged debt;

e. Defendant has violated 1692e(5) by threatening to take imminent legal action that cannot be legally taken or is not intended to be taken;

f. Defendant has violated 1692e(10) by using false representations and/or deceptive means in an attempt to collect the alleged debt;

g. Defendant has violated 1692f by using unfair or unconscionable means to collect the alleged debt;

49. That Defendants, in an attempt to collect a debt, engage in a pattern or practice of communicating with consumers where the representations made by the Defendants are harassing, confusing, misleading, deceptive and/or unfair.

50. That as a result of Defendants' conduct, Plaintiff has suffered actual damages which include, but are not limited to: extreme emotional distress, anxiety, stress, aggravation, and sleepless nights as well as monetary losses she incurred as a result of Defendant's representations.

51. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendants are liable to the Plaintiff for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

52. Plaintiff realleges paragraphs 1 through 51 as if fully restated herein.

53. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

54. By its acts and practices as hereinabove described, the Defendants have violated the Rosenthal Act as follows, without limitation:

   i. By communicating with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, Defendants have violated §1788.11(e);

   ii. By making the false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation, Defendants have violated §1788.13(e);

   iii. By making the false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made, Defendants have violated §1788.13(j);

   iv. By the above-referenced violations of the FDCPA, Defendants have violated §1788.17.

55. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover her actual damages sustained as a result of the Defendants' violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

56. In addition, because the Defendants' violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to her actual damages, penalties of at least $1,000 per violation as provided for in the Act.

57. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants in the amount of:

    (a)    Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

    (b)    Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq.*, as to the second cause of action.

    (c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and CA Civil Code §1788.30, *et seq.*

    (d)    For such other and further relief as may be just and proper.

    (e)    Plaintiff requests trial by jury on all issues so triable.

Dated: September 4, 2013

Amir J. Goldstein, Esq.
**Attorney for Plaintiff**
5455 Wilshire Boulevard., Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Name & Address:
Amir J. Goldstein, Esq. (SBN 255620)
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAISY RUGUBE,<br><br>PLAINTIFF(S)<br>v.<br><br>MANDARICH LAW GROUP, LLP, CACH LLC and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13-06835-PJW<br><br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Amir J. Goldstein, Esq._____, whose address is _5455 Wilshire Blvd. Suite 1812, Los Angeles, CA 90036_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __SEP 17 2013__   By: __MARILYN DAVI__
                              Deputy Clerk

                              (Seal of the Court)
                              1227

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (10/11)                           SUMMONS

# CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
DAISY RUGUBE,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
MANDARICH LAW GROUP, LLP, CACH LLC and DOES 1 through 10, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Amir J. Goldstein, Esq.
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400 Fax 866.288.9194

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692 et seq; violations of the Fair Debt Collection Practices Act ("FDCPA")

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV13-06835

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Santa Clara |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant MANDARICH LAW GROUP, LLP - Los Angeles<br>Defendant CACH LLC - Los Angeles |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: 8/28/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |